UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:16-CR-00320-LRH-(VCF) |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| JACK BENJAMIN HESSIANI, | |
| Defendant. | |

Before the court is defendant's Motion to Revoke Order of Detention and Grant Release (ECF No. 17). The government has responded in opposition to defendant's motion (ECF No. 24) and defendant was granted leave to file a reply to the government's response (Order at ECF No. 26), which defendant filed (ECF No. 27).

On December 6, 2016, defendant filed a motion for bond (ECF No. 13), which was denied without prejudice by Magistrate Judge Foley (ECF No. 15) based on his finding that defendant had received a full detention hearing before Magistrate Judge Kim in the Central District of California and that defendant was not precluded from filing a motion for review of, and to revoke, the detention order entered by Magistrate Judge Kim (ECF No. 15) under 18 U.S.C. § 3145(b). Defendant's motion to revoke, which is presently before the court, was thereafter filed.

///

///

///

## I. Legal Standard

The Bail Reform Act provides that, "[i]f after a hearing . . . , the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of [a defendant] as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e). If the judicial officer is a magistrate judge or "a person other than a judge of a court having original jurisdiction over the offense[,]" the defendant "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." *Id.* § 3145(b). The district judge reviews such a motion *de novo*, *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990), and must consider the following factors: "(1) the nature and circumstances of the offense charged . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

## II. Discussion

### A. Defendant is Not Entitled to Another Detention Hearing.

Defendant has requested that this court hold an evidentiary hearing as part of its *de novo* review. Under the Bail Reform Act, a magistrate judge must hold an evidentiary hearing before ordering a defendant's pre-trial detention, 18 U.S.C. § 3142(e), (f), and at least one circuit court has held that the reviewing district court has discretion to hold its own evidentiary hearing. *See United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985). Defendant, however, has *not* contended that the Act or any other provision of law requires district courts to hold their own subsequent evidentiary hearing, and this court has not identified any authority that would require one.

Moreover, the court finds that, based on this case's extensive record and briefing, an additional hearing is not warranted. The court has reviewed and considered the entire record in this matter, including prepared transcripts of defendant's appearances and evidence and arguments presented to Magistrate Judge Kim in an

1  initial appearance on November 15, 2016. The court has also considered the
2  memorandum from the United States Pretrial Services for the District of Nevada dated
3  December 2, 2016, which attached the Pretrial Services report prepared for Magistrate
4  Judge Kim by the Pretrial Services Office for the Central District of California. Both
5  Pretrial Services Offices recommend that defendant be detained.

6       The court has made an independent determination concerning Magistrate Judge
7  Kim's findings that there is a risk of nonappearance by defendant, as well as his being a
8  danger to the community, and Judge Kim's ultimate conclusion that defendant should
9  be detained pending trial. This court agrees with Magistrate Judge Kim's conclusions,
10 and this court's findings parallel those which were found by Judge Kim.

11      **B.**    **Defendant should be detained.**

12      With regard to the assessment of the risk of nonappearance, the court's
13 conclusion is based upon defendant's lack of stable employment, lack of financial or
14 property ties to this or any community, and noncompliance with requirements of
15 supervision in the pending California case. Defendant's extensive criminal history
16 reflects prior warrants, failures to appear, a pending misdemeanor charge in Ventura,
17 California, and prior arrests and convictions for probation and parole violations. With
18 regard to the newly filed charge in the District of Nevada, the court notes that this is a
19 significant new development since earlier orders in the Central District of California
20 allowing pretrial release. Defendant is now exposed to a lengthy prison sentence on the
21 Nevada charge due to the nature and length of his criminal history referenced herein. If
22 convicted in both California and Nevada, the sentencing could be consecutive.

23      With regard to the risk of danger to the community, the court is again most
24 concerned with defendant's prior criminal history as a whole, which dates back to 1997
25 and includes five felony convictions, including arrests and convictions for weapons
26 related offenses, violation of court orders, interference with witnesses, and probation
27 and parole violations. It also appears that, while on supervised release in the Central
28 District of California, defendant engaged in threatening conduct towards a California

Employment Development Department administrative judge on October 10, 2016; engaged in evasion and frustration of the location monitoring requirements of his supervised release in the Fall of 2016; and engaged in threatening conduct towards Ventura Harbor (California) patrol officers and others in 2015, which resulted in restraining orders being issued against him.

The court therefore finds that there is no condition or combination of conditions that will reasonably ensure the appearance of defendant as required (as proven by a preponderance of the evidence) or the safety of any person or the community (as proven by clear and convincing evidence).

### III.  Conclusion

WHEREFORE defendant's Motion to Revoke Order of Detention and Grant Release (ECF No. 17) is hereby **DENIED**.

IT IS SO ORDERED.

DATED this 17th day of January, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE