UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-cr-00320-LRH-VCF |
| Plaintiff, | ORDER |
| v. | |
| JACK HESSIANI, | |
| Defendant. | |

Before the Court is Defendant Jack Hessiani's ("Hessiani") amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 169). The government filed a response (ECF No. 171) and Hessiani filed a reply (ECF No. 172). For the reasons articulated in this Order, the Court denies the motion.

**I.   BACKGROUND**

In November of 2016, a federal grand jury in Las Vegas, Nevada returned an indictment charging Hessiani with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On December 21, 2017 a jury convicted him as charged in the indictment, ECF No. 26, and on May 2, 2018, this Court sentenced Hessiani to 77 months' imprisonment. ECF Nos. 121, 122.

Hessiani appealed, and on September 30, 2019, the Ninth Circuit affirmed Hessiani's conviction and sentence. *United States v. Hessiani*, 786 F. App'x 658 (9th Cir. 2019) (unpublished). Among other things, the Ninth Circuit found that Hessiani was not entitled to relief under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the record before the jury

1

established that Hessiani knew he had previously been convicted in California and sentenced to imprisonment for more than one year when he possessed the firearm. ECF No. 147 at 5. The Supreme Court of the United States denied Hessiani's certiorari petition on May 18, 2020. *See Hessiani v. United States*, 140 S.Ct. 783 (2020). On March 15, 2022 Hessiani filed the instant motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Section 2255"). The Court now addresses the motion.

**III.    DISCUSSION**

Section 2255 allows a petitioner to file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010).

In his motion, Hessiani maintains that the Supreme Court's conclusion in *Rehaif v. United States* provides him the relief he seeks. ECF No. 169. On June 21, 2019, the Supreme Court decided *Rehaif*, overturning established Ninth Circuit precedent. 139 S. Ct. 2191. In the past, the government was only required to prove that a defendant knowingly possessed a firearm under 18 U.S.C. §§ 922(g). *Id.* at 2200. Now, under *Rehaif*, the government "must prove both that the defendant knew he possessed a firearm and that he knew that he belonged to the relevant category of persons barred from possessing a firearm." *Id.* Relying on that decision, Hessiani filed his original Section 2255 motion on July 2, 2021. The government opposes the motion arguing (1) that the motion is untimely and fails to meet the threshold for equitable tolling; and (2) that regardless, even considering the decision in *Rehaif*, Hessiani is not entitled to relief. *See* ECF Nos. 157, 171. Each of these arguments are addressed in turn.

**A. Hessiani's motion is untimely and failed to meet the threshold for equitable tolling.**

When a petitioner seeks relief pursuant to a right newly recognized by a decision of Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f). That one-year limitation period begins to run from, among other things, "the date on which the judgment of

conviction becomes final" *Id.* § 2255(f)(1). A judgment of conviction becomes final after judgment has been entered, appeals have been exhausted, and the time for a petition for certiorari either elapsed or was finally denied. *See United States v. Johnson*, 457 U.S. 537, 542 n.8 (1982) (citing *Linkletter v. Walker*, 381 U.S. 618, 622 n.5 (1965)). In this matter, the Supreme Court denied Hessiani's certiorari petition on May 18, 2020. Therefore, based on Section 2255's one-year statute of limitation requirement, Hessiani had until May 18, 2021 to file his motion. Because Hessiani filed his motion on July 2, 2021, his motion is untimely.

Still, Section 2255's one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) they have been pursuing their rights diligently; and (2) that some extraordinary circumstances have stood in their way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The threshold for equitable tolling is "very high" and applied only sparingly. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). In addition, the Section 2255 movant bears the burden of showing that they are entitled to equitable tolling. *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005).

To the extent that Hessiani requests equitable tolling of the statute of limitations, Hessiani has not met his burden of showing extraordinary circumstance warranting equitable tolling and he has not shown that he acted diligently in pursuing his claims. Hessiani maintains that his motion was untimely because the COVID-19 pandemic prevented him from accessing the prison law library as he was on lockdown to prevent spread of the disease within the prison population. ECF No. 151 at 12. "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Moreover, difficulties in accessing the law library are not extraordinary circumstances that justify equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (finding the same). Even if it could be considered an extraordinary circumstance, Hessiani does not explain how access to the law library prevented him from filing a timely motion.

Therefore, because Hessiani's motion is untimely, and he has failed to meet the threshold for equitable tolling, the Court will deny his motion. Nevertheless, the Court further finds it necessary to address the substance of Hessiani's argument in his Section 2255 motion.

### B. Under *Rehaif*, there was no structural error or prejudice to Hessiani from the defective indictment and jury instructions.

"[C]ertain errors, termed structural errors, might affect substantive rights regardless of their actual impact on an appellant's trial." *United States v. Marcus*, 560 U.S. 258, 263 (2010) (citations omitted). The Supreme Court, however, has "found an error to be 'structural,' and thus subject to automatic reversal, only in a 'very limited class of cases.'" *Neder v. United States*, 527 U.S. 1, 8 (1999) (citing to *Johnson v. United States*, 520 U.S. 461, 468 (1997)); *see also United States v. Carter*, No. 2:20-cv-01059-HDM, 2021 U.S. Dist. LEXIS 23396, at *7 (D. Nev. Feb. 8, 2021) (noting that the Supreme Court has found structural error to include "total deprivation of counsel, lack of impartial trial judge" but not "where the court instructed on an invalid alternative theory of guilt, gave an instruction omitting an element of the offense, or erroneously instructed the jury on an element.").

Here, Hessiani contends that the defective indictment and the erroneous jury instructions, which did not contain a "knowledge" requirement as articulated by *Rehaif*, resulted in structural error, rendering the trial fundamentally unfair. The Ninth Circuit has rejected this argument before without a showing of actual prejudice. *See United States v. Pollard*, 20 F.4th 1252, 1256 n.3 (9th Cir. 2021) ("…*Rehaif* errors are never structural, and a habeas petitioner is still required to show actual prejudice."). And as the Ninth Circuit also found in this very matter, there was no prejudice to Hessiani from the defective indictment and erroneous jury instructions. *See United States v. Hessiani*, 786 F.App'x 658 (9th Cir. 2019) (unpublished) ("[B]ecause the record before the jury established that Hessiani knew he had previously been convicted in California and sentenced to imprisonment for more than one year when he possessed a firearm, the [*Rehaif*] error did not affect Hessiani's substantial rights or seriously affect the fairness, integrity, or public reputation of the judicial proceedings."). Therefore, because Hessiani has failed to prove structural error or actual prejudice under Ninth Circuit precedent, the Court will deny his Section 2255 motion.[1]

///

---

[1] Hessiani further argues in his supplemental motion that his trial and appellate counsel were both ineffective for failing to challenge "section 922(g)(1) for vagueness." ECF No. 169 at 40, 45. Hessiani's argument fails as he goes on to concede that "most attorneys would not have challenged [the statute] for being unconstitutionally vague." ECF No. 169 at 45. *See Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.") (citations omitted).

IV. **CONCLUSION**

IT IS THEREFORE ORDERED that Hessiani's amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (ECF No. 169) is **DENIED**.

IT IS FURTHER ORDERED that his original motion (ECF No. 151) is **DENIED** as moot.

IT IS SO ORDERED.

DATED this 8th day of June, 2022.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE